UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| AMARU MURA HASSAN BEY, | ) | CASE NO. 1:11 CV 1213 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Amaru Mura Hassan Bey filed the above-captioned action under the Zodiac Constitution, the Universal Declaration of Human Rights, the United States Constitution, the Declaration of Independence, the Articles of Confederation, the International Religious Freedom Act, the Rights of Indigenous People, the Treaty of Peace and Friendship of 1836, 18 U.S.C. §§241, 242, 245, 872, 876, 1001, 1091, 1201, 1341, 1621, and 1959, 42 U.S.C. §§ 1981 and 1983, and the Ohio Constitution against the State of Ohio, the City of Shaker Heights, Shaker Heights Municipal Court, Shaker Heights Patrolman Homero Guerrero, Shaker Heights Municipal Court Judge K.J. Montgomery, Shaker Heights Municipal Court Magistrate Dan Lovinger, Shaker Heights Municipal Court Prosecutor Randy Keller, Shaker Heights Municipal Court Bailiff Joe Gogala, and Shaker Heights Municipal Court Clerk of Courts Steven Tomaszewskr. In the Complaint, Plaintiff alleges he was improperly charged and convicted of driving with expired plates. He seeks enforcement of the "Divine Constitution and By-Laws of the Moorish Science Temple of America," the United States Constitution, and the Treaty of Friendship and Peace. He requests that all unconstitutional

orders and actions be dismissed and expunged from his record, that the Defendants be criminally charged, and that he be awarded monetary damages from each of the Defendants.

Plaintiff filed an Application to Proceed *In Forma Pauperis* which the Court hereby GRANTS.

## I. BACKGROUND

Plaintiff's Complaint is very disjointed and contains very few factual allegations. He attaches a traffic ticket to his pleading that provides some limited information. It appears he was stopped by Officer Guerrero on Lee Rd. in Shaker Heights on March 23, 2011 at 2:01 a.m. The officer issued a traffic ticket to Plaintiff for driving with expired plates. Plaintiff asserts Officer Guerrero lacked probable cause to initiate the traffic stop.

Although the ticket indicates that a personal appearance could be waived, Plaintiff appeared in court on April 1, 2011. He indicates he and his counsel were approached by the bailiff and asked how Plaintiff was going to plead. Plaintiff challenged his authority to request a plea. At some point, Plaintiff was arrested for some event that took place in the courtroom. Plaintiff contends several policemen were called into the courtroom to arrest him. He asserts they did not have a warrant. It appears a scuffle ensued. Plaintiff states his finger or hand was injured and required medical attention. He does not indicate why he was arrested, but he states two bonds were set and two summonses for trial were issued. Plaintiff does not indicate the result of the criminal proceedings.

The remainder of Plaintiff's Complaint is stated solely as legal rhetoric. He claims Officer Guerrero impersonated government officials on emergency business "when in fact he is a Corpora Ficta employee with no government power." ECF No. 1 at 3. He also states the officer violated his substantive right to travel. He states that the state court prosecutor failed to answer his Writ of

Discovery/Affidavit of Fact, which he contends is "an automated default of judgment [in] accordance with the Foreign Judgment Act." ECF No. 1 at 4.  He claims the state court magistrate supported the ticket and passed *ex post facto* laws.  He contends the Magistrate violated his Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment rights, issued a warrant for his arrest without an oath to support criminal charges and held him for ransom by setting excessive bail.  He contends Magistrate Field enforced foreign policies and deprived him of natural rights secured by the United States Constitution.  Plaintiff generally asserts 18 claims, including violation of 18 U.S.C. §§ 241 (conspiracy against civil rights), 242 (deprivation of rights), 245 (infliction of emotional distress), 872 (extortion), 876 (mailing threatening communications), 1001 (fraud and false statements), 1091 (genocide), 1201 (kidnaping), 1621 (perjury), and 1959 (RICO), 42 U.S.C. §§ 1981 and 1983, Dereliction of Duty, Universal Declaration of Human Rights violations, violation of the oath of office, violation of oath of ethics, assault and battery, creation of *ex post facto* laws, violation of the Declaration of Rights of Indigenous Peoples, and denial of the right to travel.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris*
(continued...)

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

### III. LAW AND ANALYSIS

   A. No Private Right of Action

As an initial matter, the majority of Plaintiff's claims rest on authority which either is not recognized by this federal court or does not provide a private cause of action in a civil case. He relies on the Zodiac Constitution and the By-Laws of the Moorish Science Temple. While these

---

(...continued)
*v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

documents may be of great personal importance to Plaintiff, they are not recognized by United States federal courts as binding legal authority. *See Asim El v. Riverside Maintenance Corp.*, No. 95 Civ. 1204, 1998 WL 205304, at *2 (S.D.N.Y. Apr. 27, 1998); *Bey v. Philadelphia Passport Agency-M*, Civ. A. No. 86-4906, 1986 WL 559, at *2 (E.D.Pa. Dec. 30, 1986). Article III of the United States Constitution provides this Court with federal question jurisdiction to hear claims that arise under the United States Constitution or the laws or treaties of the United States. The Zodiac Constitution and the By-Laws of the Moorish Science Temple do not fall within these parameters.

In addition, the Treaty of Peace and Friendship and the International Religious Freedom Act do not provide a private cause of action in a civil case. See *Vuaai El v. Mortgage Electronic Registry System*, No. 08-14190, 2009 WL 2705819, at n.11 (E.D.Mich. Aug. 24, 2009). The Treaty of Peace and Friendship as cited by Plaintiff appears to govern relationships between Moroccan citizens and United States citizens. Although Plaintiff claims to be a descendent of the Moors, he also alleges he was born in the United States. There is no indication that he has Moroccan citizenship. Moreover, the Treaty, as cited, does not provide grounds for private parties to file civil actions. Plaintiff therefore cannot rely on the Treaty as the basis to assert claims against other United States citizens or government officials. The International Religious Freedom Act, 22 U.S.C.A. § 6401, authorizes government tracking of and intervention in cases of religious persecution abroad. It does not address Plaintiff's ability to disobey traffic laws and contains no provision for a private cause of action against United States government officials.

Plaintiff also asserts claims under 18 U.S.C. §§ 18 U.S.C. §§241 (conspiracy against civil rights), 242 (deprivation of civil rights), 245 (infliction of emotional distress), 872 (extortion), 1001 (fraud and false statements), 1091(genocide), 1201 (kidnaping), 1621 (perjury), and 1959 (RICO). These are criminal statutes and provide no cause of action to civil plaintiffs. *U.S. v. Oguaju*, No.

02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003). To the extent Plaintiff is attempting to bring criminal charges against the Defendants, he cannot proceed. Criminal actions in the Federal Courts are initiated by the United States Attorney, not by private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

  B. <u>42 U.S.C. § 1981</u>

  The only authority cited by Plaintiff to support federal jurisdiction is pursuant to 42 U.S.C. §§ 1981 and 1983. Plaintiff, however, fails to successfully allege a claim under either of these statutes.

  Title 42 U.S.C. § 1981 guarantees all persons within the jurisdiction of the United States, regardless of race, the right to make and enforce contracts, the right to sue and be a party to a lawsuit, give evidence, to enjoy the full and equal benefit of laws for the security of property. To state a claim under this statute, Plaintiff must allege: (1) he is a member of a racial minority, (2) the defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Johnson v. Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). While Plaintiff may be a member of a racial minority, he does not allege that the Defendants intended to discriminate against him because of his race or that their actions prevented him from making or enforcing a contract, bringing a lawsuit, giving evidence, or any of the other activities enumerated in the statute. There are no factual allegations in his Complaint that address any of the elements of a cause of action under § 1981.

  C. <u>42 U.S.C. § 1983</u>

  Plaintiff includes so few factual allegations that it is very difficult to decipher his pleading. Most of his Constitutional claims appear to challenge the criminal proceedings against him. He

does not indicate the disposition of those charges. To the extent that the proceedings may still be pending against him, he cannot bring a civil action to challenge those charges or ask this Court to intervene to dismiss the charges. To the extent the proceedings have concluded, Plaintiff cannot proceed with a civil rights action challenging the validity of those proceedings unless he also alleges the charges were resolved in his favor. In both circumstances, Plaintiff's constitutional claims must be dismissed.

*1. Younger Doctrine*

To the extent the criminal charges against the Plaintiff are still pending, this Court must abstain from hearing challenges to the State Court proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

If the criminal case is still pending, all three factors supporting abstention are present. State

court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state-court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

### 2. Heck v. Humphrey

If the criminal proceedings have concluded, Plaintiff cannot proceed with a civil rights action challenging the validity of those proceedings unless he also alleges the charges were resolved in his favor. A person convicted of an offense may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory, or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff's constitutional claims challenge the validity of the charges against him and the criminal proceedings themselves. To assert these claims, he must first demonstrate that his conviction was declared invalid by either an Ohio state court or a

federal habeas corpus decision. He has not done so. Absent this information, claims of this nature cannot be asserted in a civil rights action.

### 3. Right to Travel

Plaintiff's claim that Officer Guerrero interfered with his right to travel by issuing a traffic ticket to him may not directly challenge his conviction, but it fails to state a claim upon which relief may be granted. Plaintiff misunderstands the nature of the right to travel. The Supreme Court recognized a right to travel that is essentially a right of citizens to migrate freely between states. *See Saenz v. Roe*, 526 U.S. 489, 500 (1999). This right includes the right of a citizen of one state to enter and to leave another state, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second state, and, the right to be treated like other citizens of that state if permanent residence is established in the state. It does not mean citizens are exempt from complying with traffic laws. *See Id.*

### 4. Use of Excessive Force

Plaintiff indicates he was assaulted in the courtroom and injured his hand or finger. He states he required medical attention. Although Plaintiff contends this constitutes "making a riot in the courtroom," the Court liberally construes this as a claim for relief under the Fourth Amendment.

The right to be free from excessive force in the course of an arrest is clearly established under the Fourth Amendment and can thus form a legitimate basis for a § 1983 claim. *See, e.g.*, *Kain v. Nesbitt*, 156 F.3d 669, 673 (6th Cir.1998), *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir.1993), and *Holt v. Artis*, 843 F.2d 242, 246 (6th Cir. 1988). "Every push and shove an officer makes during the arrest," however, will not subject the officer to liability. *Collins v. Nagle*, 892 F.2d 489, 496 (6th Cir.1989). Whether a police officer has used excessive force in effecting an arrest depends on whether the officer's conduct is "objectively reasonable" in light of the existing

facts and circumstances. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). Circumstances to be considered include the severity of the criminal conduct at issue, whether the suspect posed an immediate threat to the safety of the public and the officer, and whether the suspect was actively resisting arrest. *Id.* at 396. These factors must be considered from the perspective of a reasonable officer on the scene, who is often forced to make quick judgments under rapidly changing and tense circumstances. *Id.* at 397.

Plaintiff's claim for use of excessive force is not supported by factual allegations. He simply states he was assaulted by several police officers in the courtroom. Officer Geurrero appears to have been present in the courtroom at the time and may have been one of those officers, but it is difficult to determine this from Plaintiff's Complaint. Rule 8 requires more than legal conclusions or a simple recitation of the elements of a cause of action to state a viable claim for relief. *Iqbal*, 129 S.Ct. at 1949. Plaintiff must include sufficient factual content to allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* He must show more than a sheer possibility that the Defendant has acted unlawfully. *Id.* Where the Complaint pleads facts that are "merely consistent with" a Defendant's liability, it fails to state a claim upon which relief may be granted. *Id.* Plaintiff's threadbare allegations of the incident in the Courtroom do not support a claim for relief that complies with Rule 8.

### 5. Immunity

Even if Plaintiff had stated a viable claim for relief, several of the Defendants are immune from suits for damages. As an initial matter, an action for damages cannot be brought against the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Furthermore, Judge Montgomery and Magistrate Lovinger are absolutely immune from damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial officers are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff contends the Judges issued orders which he believes to be contrary to law. ECF No. 1 at 3. Judge Montgomery and Magistrate Lovinger are immune from damages for these types of claims.

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in

11

question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). In this instance, Plaintiff does not allege Randy Keller engaged in conduct outside of the judicial phase of Plaintiff's prosecution. Consequently, he is entitled to absolute immunity as well.

### IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Date: October 19, 2011                  /s/ John R. Adams
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

12